IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WENDELL LATURIS HARRELL, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-062 |
| | ) | (Formerly CR 111-080) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

On July 5, 2016, Respondent filed a motion to dismiss Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. no. 3.) Respondent argues Petitioner's three prior convictions under Georgia law for burglary of a building qualify as predicate offenses under the enumerated-crimes provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"). For this reason, Respondent argues Petitioner is not entitled to relief as a result of the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), invalidating the "residual clause" of the ACCA.

Approximately two weeks prior to Respondent filing its motion to dismiss, the United States Supreme Court issued its decision in Mathis v. United States, 136 S. Ct. 2243 (2016). That decision explained how a burglary offense should be analyzed as a potential predicate offense under the ACCA. See Mathis, 136 S. Ct. at 2251-57. Respondent shall have fourteen days from the undersigned date to file a brief explaining what impact, if any, Mathis has on the determination of whether Petitioner's Georgia burglary convictions are valid

predicate offenses under the ACCA. Petitioner shall have fourteen days thereafter to respond with his own brief.

SO ORDERED this 17th day of August, 2016, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA