IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WENDELL LATURIS HARRELL,[1] | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-062 |
| | ) | (Formerly CR 111-080) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Respondent moves to dismiss the § 2255 motion. Because Petitioner did not, despite receiving additional time, (doc. nos. 4, 8), respond to the dispositive motion, it is deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 3), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

---

[1]There is a discrepancy between the name on the § 2255 motion and the name under which Petitioner was indicted in the underlying criminal case. As every document other than the first page of the § 2255 motion does not include "Jr." in Petitioner's name, including Petitioner's signature line on the § 2255 motion, the Court **DIRECTS** the **CLERK** to update the docket in accordance with the caption of this Report and Recommendation.

## I. BACKGROUND

### A. Indictment and Agreement to Plead Guilty

On March 3, 2011, the grand jury in the Southern District of Georgia charged Petitioner with two counts of distribution of controlled substances and one count of possession of a firearm by a convicted felon. United States v. Harrell, CR 111-080, doc. no. 3 (S.D. Ga. Mar. 3, 2011) (hereinafter "CR 111-080"). The Court appointed attorney Nicholas R. Utley under the Criminal Justice Act to represent Petitioner. Id., doc. no. 45.

On June 1, 2011, Petitioner appeared with counsel and pled guilty to Count Three of the indictment: possession of a firearm by a convicted felon, a violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Id., doc. nos. 33-35. In exchange for the guilty plea, the government agreed to (1) dismiss the remaining two counts in the indictment; (2) not oppose a two-point acceptance of responsibility reduction and move for an additional one-point reduction under U.S.S.G. § 3E1.1(b); and (3) consider filing a motion, based on any "substantial assistance" provided by Petitioner, for downward departure under U.S.S.G. § 5K1.1 or a reduction of Petitioner's sentence under Fed. R. Crim. P. 35. Id., doc. no. 35, pp. 2-3.

For his part, Petitioner admitted the factual basis for his guilty plea, including commission of three specified prior burglaries, and he agreed to waive the right to file a direct appeal and the right to collaterally attack his conviction and sentence unless his sentence exceeded the statutory maximum, the sentencing court upwardly departed from the advisory Guideline range, or the government appealed the sentence. Id. at 4-5.

### B. Sentencing

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI"). As explained in the PSI, Petitioner had three prior convictions for burglary of a "dwelling house," each committed on a different day at a different location. PSI ¶ 28. These were the same three burglary convictions delineated in the plea agreement, convictions which Petitioner admitted without objections were his prior convictions. CR 111-080, doc. no. 35, p. 5. Accordingly, the PSI determined Petitioner was an armed career criminal within the meaning of U.S.S.G. § 4B1.4, thereby setting his Guideline sentence at the statutorily required minimum of 180 months (fifteen years). PSI ¶¶ 20, 34, 55, 56; 18 U.S.C. § 924(e). Petitioner did not file any objections to the PSI, choosing instead only to point out ministerial issues regarding dates and addresses listed in the PSI. See PSI Add.

At sentencing on November 21, 2011, United States District Judge J. Randal Hall granted the government's motion for downward departure under § 5K1.1, and sentenced Petitioner to a term of imprisonment of 150 months, to be served consecutively to the revoked probation term Petitioner was serving for a Richmond County Superior Court sentence. CR 111-080, doc. nos. 41-43. Judgment entered on November 23, 2011. Id., doc. no. 43.

### C. Post-Conviction Proceedings

Consistent with the plea agreement and the Post-Conviction Consultation Certification signed by Petitioner and his counsel, Petitioner did not file a direct appeal. Id., doc. nos. 35, 44. However, on June 26, 2015, the Supreme Court found the "residual clause"

3

of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson v. United States, 576 U.S. -, 135 S. Ct. 2551, 2563 (2015). In May of 2016, Petitioner filed the instant § 2255 motion raising only one ground for relief, namely that after Johnson, he is no longer an armed career criminal and therefore should be resentenced. (See doc. no. 1.)

Respondent moves to dismiss the § 2255 motion on the ground that even after Johnson, Petitioner's sentence is valid because his three prior burglary convictions qualify as violent felonies under the ACCA's enumerated-crimes provision, not its residual clause. (See doc. no. 3.)

## II. DISCUSSION

The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Johnson did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony," all of which may still be used to impose ACCA enhancements. Johnson, 135 S. Ct. at 2563. Thus, after Johnson invalidated the residual clause of the ACCA, an enhancement may still be validly applied based on an offense falling under the enumerated offenses clause of the ACCA, not the residual clause. See 18 U.S.C. § 924(e)(2)(B)(ii) (defining violent felony as "burglary, arson, or extortion" or an offense involving "use of explosives").

Petitioner's three burglary offenses, which Petitioner admitted as part of his plea agreement and to which Petitioner did not object when identified as his ACCA-qualifying

4

offenses in the PSI, fall under the enumerated offenses clause, and he therefore qualifies as a an armed career criminal, even after Johnson. This follows from the fact that Georgia has a divisible burglary statute, and Petitioner's burglaries all involved residences, qualifying as "generic burglary" under the ACCA. However to reach this conclusion, it is helpful to review the analysis required under Mathis v. United States, 579 U.S. -, 136 S. Ct. 2243 (2016) and Descamps v. United States, 570 U.S. -, 133 S. Ct. 2276, 2281 (2013), for using the modified categorical approach to determine whether a burglary qualifies as generic burglary.

To determine whether a defendant's prior conviction qualifies as a predicate ACCA offense under the enumerated offenses clause, courts compare the elements of the ACCA predicate offense to the elements of the prior conviction. Descamps, 133 S. Ct. at 2281-82. A prior conviction qualifies as an ACCA predicate offense only if the elements of the prior conviction are the same or narrower than the elements of the ACCA predicate offense. Id. Because the ACCA does not specify the elements for the predicate, enumerated offenses, courts apply the elements of these "generic" crimes as commonly understood. Id.; United States v. Gundy, 842 F.3d 1156, 1161 (11th Cir. 2016).

Comparison of the elements between the prior conviction and ACCA offense is simple when the charging statute for the prior conviction is indivisible, meaning that the statute sets out a single set of elements for the offense. Courts refer to this simple comparison as the "categorical approach." Descamps, 133 S. Ct. at 2281. In this type of case, the court need only "line[] up that crime's elements alongside those of the generic offense and see[] if they match." Mathis, 136 S. Ct. at 2248.

5

A complication arises, however, when the charging statute for the prior conviction sets out one or more elements in the alternative, such as a burglary statute that defines burglary as either the unlawful entry into a building or an automobile. See Descamps, 133 S. Ct. at 2281-82. A criminal statute that lists elements in the alternative, and thereby defines multiple crimes, is "divisible." Mathis, 136 S. Ct at 2249. "Faced with a 'divisible' statute, courts must identify which crime in the statute formed the basis of the defendant's conviction." Gundy, 842 F.3d at 1162. In such cases, courts may use the modified categorical approach and look beyond the charging statute to determine which of the alternative elements formed the basis of the prior conviction, by reference to a limited class of documents such as indictments, plea agreements, and jury instructions. Descamps, 133 S. Ct. at 2282. In addition to these so-called Shepard documents,[2] the Eleventh Circuit has also allowed courts to use "undisputed facts contained in a PSI." United States v. Ramirez-Flores, 743 F.3d 816, 821 (11th Cir. 2014) (citation omitted). Courts "then compare the elements of that identified crime to the elements of the relevant generic offense." Gundy, 842 F.3d at 1162.

With respect to Petitioner, generic burglary "contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990). At the time of Petitioner's state burglary convictions, the Georgia Code defined felony burglary as follows:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the

---

[2] Shepard v. United States, 544 U.S. 13, 26 (2005).

> dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

O.C.G.A. § 16-7-1 (version in effect from 1980-2012).

In <u>Gundy</u>, the Eleventh Circuit examined this version of the Georgia burglary statue after the ruling in <u>Mathis</u>, applying the Supreme Court's instructions on how to interpret and apply the enumerated offenses provision of the ACCA when a statute has "disjunctive phrasing" that raises the issue as to whether the statute aligns precisely with the generic offense as intended by Congress. <u>Gundy</u>, 842 F.3d at 1162 (citing <u>Mathis</u>, 136 S. Ct. at 2249, 2253). As has been explained in this District:

> When faced with such a state statute, the court must decide whether the disjunctive language creates (1) multiple crimes that are "divisible" into those alternative *elements* that match the generic version of the ACCA enumerated crime and those that do not, or (2) a single crime that has an "indivisible" set of elements and simply lists various alternative factual *means* of committing that single offense. <u>Gundy</u>, 842 F.3d at 1162. An indivisible statute must exactly match the generic crime or else it cannot count as an ACCA predicate offense. <u>Id.</u> A divisible statute, on the other hand, may suffice as an ACCA predicate if it can be determined that the defendant was convicted of the generic crime rather than an alternative, non-generic crime. <u>Id.</u>

<u>Clemons v. United States</u>, CR 408-225 / CV 416-005, 2017 WL 473968, at *2 (S.D. Ga. Jan. 6, 2017), *adopted by*, 2017 WL 470900 (S.D. Ga. Feb. 3, 2017).

Applying <u>Mathis</u>, the Eleventh Circuit has determined "the plain text of the Georgia statute has three subsets of different locational elements, stated in the alternative and in the disjunctive . . . effectively creating several different crimes." <u>Gundy</u>, 842 F.3d at 1167. "That the Georgia prosecutor must select and identify the locational element of the place

7

burgled – whether the place burgled was a dwelling, building, railroad car, vehicle, or watercraft - is the hallmark of a divisible statute." Id. Therefore, as described above, the Court may use the modified categorical approach to determine whether Petitioner's prior burglary convictions match the generic definition of burglary Congress intended to count as a predicate offense in the enumerated offenses clause of the ACCA. See id. at 1168.

Here, examination of the Shepard documents from Petitioner's prior burglary convictions, attached as Exhibit A to Respondent's supplemental briefing, (doc. no. 6), as well as examination of the uncontested facts in the PSI, (¶ 28), show Petitioner was convicted of unlawfully entering the "dwelling house" of three separate individuals on three separate days with the intent to commit a crime therein: June 16, 2003, dwelling house of William Quattlebaum, IV; June 24, 2003, dwelling house of Johnathan Hill; and, July 2, 2003, dwelling house of Willie Santana. As Petitioner's three prior Georgia burglary convictions "substantially conform to the generic definition of burglary," they qualify as violent felonies under the enumerated offenses clause of the ACCA. Gundy, 842 F.3d at 1168-69. Therefore, Petitioner's enhanced sentence under § 924(e) was properly imposed, and he is not entitled to the resentencing he seeks. Under these circumstances, the motion to dismiss should be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED** (doc. no. 3), Petitioner's § 2255 motion be

**DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 21st day of February, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA